## (February 15, 1973)

■ PENN PLAZA VENTURE et al., Respondents, v. GLENS FALLS INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered September 26, 1972, unanimously modified, on the law and the facts, to grant the cross motion for a postponement of the trial, and the matter remanded to Trial Term to permit the demand for a supplemental bill of particulars, if needed, and for further discovery with respect to the plaintiffs' amended claim, and otherwise affirmed, without costs and without disbursements. The stay granted by order of this court, entered on October 10, 1972, is vacated. Plaintiffs seek recovery on insurance policies because of fire damage in the course of construction of an office building. Several years after the filing of a note of issue and statement of readiness, plaintiffs served a notice of intention to amend their proofs of loss and the *ad damnum* in the complaint, and then so moved in open court prior to the trial. The amendment, based on a theory viewing the insurance policies as in the nature of rent loss insurance, was to cover a claim for real estate taxes and interest on the investment in the building for the period of the delay, allegedly attributable to the fire, in completion of the construction of the building. The new theory was to base the claims for the delay on the value of the completed building rather than one in the course of construction, but it stemmed from the same insurance policies. The court in its sound discretion permitted the amendment, but refused a delay in the trial for the usual pretrial proceedings with respect to the amended claim. This court granted a stay of the trial pending the appeal. In view of the substantial amendment of the claim, the defendant should have been afforded a reasonable time to prepare to meet it. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

■ In the Matter of LAZARO NUNEZ, Respondent, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant.— Judgment, Supreme Court, New York County, entered on August 4, 1972, unanimously modified, on the law and the facts, to strike the finding "it appearing that the petitioner herein did not knowingly submit a false application for registration as a longshoreman", and otherwise affirmed, without costs and without disbursements. The court, in ordering reconsideration of the application for registration as a longshoreman, in the finding now stricken, prejudged a question which is to be determined by the Waterfront Commission of New York Harbor. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.